UNITED STATES OF AMERICA

v.                                                      Case No. 8:25-cr-386-KMM-LSG

MAURICIO FLORES

_____/


**O R D E R**

This cause is before the Court on the question of the Defendant's release or detention pending trial.  The Defendant is a thirty-six-year-old male who stands charged with possessing child pornography.  (Docs. 1, 18).  At his initial appearance, the government moved to detain the Defendant, and the Defendant opposed that request.  The Court thereafter conducted a hearing on the matter, at which the parties proffered information and evidence in support of their respective positions.  The Defendant also presented testimony from both his girlfriend and his ex-wife.  For the reasons set forth below, the government's motion is granted.

To prevail on a motion for detention, the government must show by clear and convincing evidence that the Defendant poses a danger to the community, 18 U.S.C. § 3142(f)(2), and by a preponderance of the evidence that he poses a risk of flight, *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990) (citing *United States v. King*, 849 F.2d 485, 489 n.3 (11th Cir. 1988)).  In assessing whether the

government has met its burden, the Court looks to the factors enumerated in 18 U.S.C. § 3142(g). *See United States v. Houston*, 2009 WL 10674021, at *2 (M.D. Fla. Aug. 20, 2009).

The first of these factors is the nature and circumstances of the charged crime. *See* 18 U.S.C. § 3142(g)(1). Here, as noted above, the Defendant is alleged to have possessed child pornography (Docs. 1, 18), which would subject him to a maximum term of imprisonment of twenty years since it appears that at least some of the child pornographic images he retained involved prepubescent minors. *See* (Doc. 1); 18 U.S.C. § 2252(b)(2). According to the government, this charge stemmed from an investigation by law enforcement that targeted a website on the dark web used to share and distribute child sexual abuse material (CSAM). (Doc. 1). As detailed in the criminal complaint filed against the Defendant and as proffered by the government at the detention hearing, law enforcement learned during this investigation that the Defendant was "interest[ed] in downloading specific files of child pornography" as part of an effort to "rebuild[ ]" a tranche of child pornography he lost when his hard drive died. *Id*. Law enforcement also learned that the Defendant had been part of other "communities" that employed the dark web to exploit children. *Id*.

The government further proffered at the detention hearing that a court-authorized search of the Defendant's residence in May 2025 revealed that the

Defendant collected and maintained encrypted files of child pornographic images over an extended time frame. In addition to these images, law enforcement discovered that the Defendant possessed numerous "voyeuristic" photographs of women and female children in the community, some of which focused on the buttocks of young girls clad in bikinis. The government additionally proffered that the Defendant utilized specialized software and an operating system to eliminate any trace of his activities. *See also* (Doc. 1). In sum, the nature and circumstances of the charged crime, coupled with the potentially lengthy prison sentence the Defendant is facing if convicted, support detention.

The second factor—the weight of the evidence against the Defendant—likewise militates against his release. *See* 18 U.S.C. § 3142(g)(2). As described by the government at the detention hearing and as detailed in the criminal complaint, the government's evidence includes myriad child pornographic images found in the Defendant's possession, along with incriminating statements he made to law enforcement in connection with the execution of the search warrant at his home. *See* (Doc. 1).

The third factor—the Defendant's history and characteristics—also weighs against his release. *See* 18 U.S.C. § 3142(g)(3). While the Defendant does not have any criminal history, there is evidence that he has long held a prurient interest in young girls and that he has been collecting and sharing CSAM for a lengthy time

period, all while successfully avoiding the watchful eye of the police. Moreover, as documented in the Pretrial Services report, the Defendant has meaningful ties to other jurisdictions in the United States, as well as to the country of Colombia, where he previously resided, where his ex-wife was apparently born and raised, and where his half-sister now lives.

The fourth factor—the nature and seriousness of the danger to the community posed by the Defendant's release—counsels in favor of his detention as well. *See* 18 U.S.C. § 3142(g)(4). The damage suffered by a minor victimized by an adult cannot be gainsaid. The Defendant's sustained efforts to acquire and husband child pornographic images, combined with his technological skills that have enabled him to thwart the detection of his illicit conduct, underscore the significant potential harm that would attend his release.

The Defendant's proposal that he be permitted to reside at his current home with his family—which consists of his girlfriend, ex-wife, mother, son, and two daughters—is insufficient. The thrust of this proposal is that the Defendant's girlfriend, ex-wife, and mother will serve as third-party custodians to ensure he will abide by his release conditions. It was clear from the testimony of the Defendant's girlfriend and his ex-wife, however, that they do not appreciate the seriousness of the evidence against the Defendant and what it reveals about the risk he presents, or—worse yet—that they have and will continue to turn a blind eye to such risks.

4

Far from instilling confidence in the Court that they will prevent the Defendant from acting on his seemingly acute desire to obtain and view child pornographic images, their testimony revealed that they are beholden to the Defendant financially and cannot be counted on to report any noncompliant conduct he engages in for that and other reasons.[1]  In short, the Court is not persuaded that the adult members of the Defendant's family will safeguard the community from the danger the Defendant would pose if released and also stop him from fleeing.

In light of all the above, the Court finds: (a) by a preponderance of the evidence that no condition or combination of conditions will reasonably ensure the Defendant's appearance as required, and (b) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.   Accordingly, the Court directs that the Defendant be detained.

The Defendant is hereby committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.   The Defendant shall be afforded a reasonable opportunity for the consultation with counsel.   On order of a court of the United States or on request of an attorney for the government, the person in charge

---

[1] The Defendant's girlfriend acknowledged during her testimony that the Defendant was abusive to her in the past and that, while he is presently dating her, he is also romantically involved with another woman who has two daughters similar in age to the female children depicted in the CSAM

of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED in Tampa, Florida, this 20th day of August 2025.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

found in his possession.