UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO.   8:25-cr-386-KKM-LSG

MAURICIO FLORES

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE,
AND FACTUAL BASIS**

The United States of America, by and through Gregory W. Kehoe, United

States Attorney for the Middle District of Florida, hereby files this Notice of

Maximum Penalties, Elements of Offense, and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2),

possession of child pornography, are as follows:

| | |
|---|---|
| First: | That the defendant knowingly possessed one or more matters which the defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct; |
| Second: | That the defendant knew the visual depiction contained in the matters was of a minor engaged in sexually explicit conduct; |
| Third: | That the defendant knew that the production of such a visual depiction involved use of a minor in sexually explicit conduct; |
| Fourth: | That the visual depiction had been transported in interstate or foreign commerce; and |
| Fifth: | That the visual depiction involved a prepubescent minor or a minor who had not attained the 12 years of age. |

<u>PENALTIES</u>

The penalty for the offense charged in Count One of the Indictment is a maximum sentence of twenty years' imprisonment, a fine of not more than $250,000, a term of supervised release for not more than three years, and a special assessment of $100.

Additionally, the defendant must forfeit property pursuant to 18 U.S.C. § 2253 as outlined in the Indictment. Among the items that will be forfeited are the following: an Apple iPhone 14 Pro, serial number DQ6LWGVHXY, a black MSI laptop, and a Sabrent hard drive, all seized on or about May 23, 2025.

<u>SEX OFFENDER REGISTRATION AND NOTIFICATION</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register

under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

RESTITUTION

The defendant understands that pursuant to 18 U.S.C. §§ 2248, 2259, 3663, and/or 3663A(a) and (b), the defendant will be required to make full restitution to all identified victims of an offense of conviction. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

FACTUAL BASIS

On May 23, 2025, a search warrant was executed at Mauricio Flores' residence in Davenport, Florida. At the outset of his voluntary interview at the time of the search warrant's execution, Flores guessed that agents were present at his home because of child pornography. He described using a Tails OS boot drive. He identified numerous devices as belonging to him, including an Apple iPhone 14, a Sabrent hard drive, and an MSI laptop. The devices, all of which were manufactured outside of the United States, were forensically examined.

On Flores' iPhone 14, agents found encrypted chats in the Telegram application. Agents were unable to fully review the chats, but portions of the content

3

remained. Images associated with chats included images of child pornography depicting prepubescent children. Flores was also a member of a Telegram chat group called "Teens IG" which depicts young teens, approximately 13-17 years of age, in sexually suggestive poses and outfits. The material visible in the chats shows a "sample" image with a link instructing group members to click the link for more. Saved to the "hidden" folder on Flores' phone were files of child erotica, as well as saved videos from Instagram and TikTok depicting prepubescent girls between the ages of 7 and 11 stretching and posing. On the Sabrent hard drive, agents observed a file of child sexual abuse material depicting a prepubescent female child, approximately 13 years of age. The same file was cached in the unallocated space of the MSI laptop, which Flores told agents he had reformatted for his daughter to use.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:   /s/ *Muriel R. Moore*
Muriel R. Moore
Assistant United States Attorney
United States Attorney
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Muriel.Moore@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Ryan Maguire, Esq.

By:  */s/ Muriel R. Moore*
Muriel R. Moore
Assistant United States Attorney
United States Attorney
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Muriel.Moore@usdoj.gov