UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:25-cr-386-KKM-LSG

MAURICIO FLORES

## UNITED STATES' MOTION FOR
## PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(b)(2), the United

States of America moves for a preliminary order of forfeiture for an Apple iPhone 14

Pro Max, serial number DQ6LWGVHXY. In support of its motion, the United

States submits the following.

## MEMORANDUM OF LAW

**I.      Statement of Facts**

**A.      Allegations Against the Defendant**

1.      The defendant was charged in an Indictment with possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 18.

2.      The forfeiture allegations of the Indictment notified the defendant that,

under the provisions of 18 U.S.C. § 2253, the United States intended to forfeit any

property that was used or intended to be used to commit or to promote the

commission of the offense charged in Count One of the Indictment. *Id.* at 2.

### B.     Findings of Guilt

3.      On January 28, 2026, without the benefit of a plea agreement, the defendant pleaded guilty to Count One of the Indictment. Docs. 40, 42. The Court accepted his plea and adjudicated him guilty. Doc. 43.

4.      The United States' Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis (Doc. 37), describes the conduct underlying the charge in the Indictment and provides support for the forfeiture of the asset described above.

## II.    Applicable Law

### A.     Forfeiture Statute

18 U.S.C. § 2253 authorizes the forfeiture of any property used or intended to be used to commit or to promote the commission of violations of 18 U.S.C. § 2251, using the procedures outlined in 21 U.S.C. § 853. *See* 18 U.S.C. § 2253.

### B.     Court's Determination of Forfeiture

Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. Where the government seeks forfeiture of specific property, the Court must determine whether the government has established the requisite nexus between the property and the offense of conviction. Fed. R. Crim. P. 32.2(b)(1)(A).

The defendant's conviction on Count One is sufficient to establish the nexus between the asset and the offense of conviction.

## III.    Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(b)(2), the Court forfeit to the United States the asset identified above, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c). The United States further requests that the order of forfeiture become final as to the defendant at sentencing.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim. *See* Rule 32.2(c).

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:    *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney

4